IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 07CV00428<br>) Judge Emmet Sullivan |
| SANDRA BUSH BIENVENU, | )<br>) |
| Defendant. | )<br>)<br>) |

## ANSWER TO THE COMPLAINT AND AMENDED COUNTERCLAIMS

COMES NOW the Defendant, SANDRA BUSH BIENVENU, by her attorneys, WHITEFORD, TAYLOR & PRESTON L.L.P., and hereby answers the Complaint of the Plaintiff, AMERICA'S CHOICE, INC., and states as follows:

1. Defendant admits that she is a citizen of the State of Florida and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations asserted in paragraph numbered "1" of the Complaint, and therefore denies the same.

2. Defendant admits the allegations asserted in paragraph numbered "2" of the Complaint.

3. Defendant admits the allegations asserted in paragraph numbered "3" of the Complaint.

4. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations asserted in paragraph numbered "4" of the Complaint, and therefore denies the same.

5. Defendant admits the allegations asserted in paragraph numbered "5" of the Complaint.

6. Defendant admits the allegations asserted in paragraph numbered "6" of the Complaint.

7. Defendant denies each and every allegation asserted in paragraph numbered "7" of the Complaint.

8. Defendant denies each and every allegation asserted in paragraph numbered "8" of the Complaint.

9. Defendant denies each and every allegation asserted in paragraph numbered "9" of the Complaint.

10. Defendant denies each and every allegation asserted in paragraph numbered "10" of the Complaint except to admit that Defendant voluntarily terminated her employment with America's Choice.

11. Defendant denies each and every allegation asserted in paragraph numbered "11" of the Complaint.

12. Defendant denies each and every allegation asserted in paragraph numbered "12" of the Complaint except to admit that Plaintiff owes Defendant commissions.

13. Defendant admits the allegations asserted in paragraph numbered "13" of the Complaint.

14. Defendant denies each and every allegation asserted in paragraph numbered "14" of the Complaint on the grounds that Plaintiff is in breach of its obligations to pay commissions to Defendant.

15. Defendant repeats and realleges each and every denial and/or admission hereinbefore made with the same force and effect as though the same were set forth at length herein to paragraph numbered "15" of the Complaint.

16. Defendant denies each and every allegation asserted in paragraph numbered "16" of the Complaint on the grounds that Plaintiff is in breach of its obligations to pay commissions to Defendant.

17. Defendant denies each and every allegation asserted in paragraph numbered "17" of the Complaint except to admit that Plaintiff is seeking a declaratory judgment.

## **FIRST COUNTERCLAIM**

1. Defendant, Sandra Bush Bienvenu, is a resident of the State of Florida and resides at 4721 Seastar Vista, Destin, FL 32541.

2. Upon information and belief, Plaintiff, America's Choice, Inc., is a corporation duly organized and existing under the laws of the state of Delaware, having a place of business located at 555 13th Street, NW, Washington, DC 20004.

3. This Court has jurisdiction over these counterclaims under 28 U.S.C. § 1332 as Defendant is a citizen of the State of Florida and Plaintiff is a Delaware Corporation with an office in Washington, D.C. and within this District and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a), because the Plaintiff has an office within this District and is conducting business activities in this District.

5. The nature of this action is for the recovery of commissions earned, for breach of an employment agreement and a violation of the Florida State Law committed by Plaintiff, resulting in damages to the Defendant.

6. Upon information and belief, Plaintiff is engaged in, among other things, providing educational materials and resources to schools, teachers and students from grades K through 12.

7. Pursuant to the terms of an employment agreement (the "Employment Agreement") dated April 25, 2005, which was signed and accepted by Plaintiff on May 9, 2005 Defendant commenced her employment with Plaintiff on or about May 9, 2005 and was employed continuously by Plaintiff until January 20, 2007 when Defendant voluntarily resigned. A copy of the Employment Agreement is annexed hereto and made a part hereof as **Exhibit A**.

8. Under the Employment Agreement, Defendant's employment position with the Plaintiff was as Director, Business Development Southeast Region and her principal responsibilities and duties were to recruit, hire, supervise and assist a network of Business Develop Managers to solicit and obtain new customers and contracts for the Plaintiff in the States of Alabama, Arkansas, Georgia, Louisiana, Oklahoma, South Carolina, Tennessee and Texas (the "Sales Territory"). In January 2006, the Sales Territory was increased to include the District of Columbia, Maryland, North Carolina and Virginia. In June 2006, the Sales Territory was again changed to include only Alabama, Arkansas, Florida, Louisiana, Mississippi, Oklahoma and Texas.

9. The Employment Agreement also provides that as to compensation for Defendant's services, Plaintiff agreed to pay Defendant an annual salary of $150,000. The Employment Agreement further provided that Defendant would be entitled to sales commissions based upon a compensation plan ("Compensation Plan") which at the time the Employment Agreement was signed and delivered was in "proposal form." Defendant was hired by Nicholas Solinger, at the time Plaintiff's Vice President of Sales, who upon information and belief, was primarily

responsible for structuring Defendant's Compensation Plan and who provided and explained the Compensation Plan on behalf of Plaintiff to Defendant.

10. Under the express terms of the Compensation Plan, Defendant was assigned an annual sales quota of $2,500,000 ("Annual Quota") and was to receive a bonus of $20,000 if the Annual Quota of $2,500,000 was met in the Sales Territory, as it was. Commissions were to be paid on sales generated in the Sales Territory. The rate of commission payable increased incrementally as a percentage of sales as sales increased in the Sales Territory.

11. In or about the end of May, 2006, Defendant together with Cecil Harris ("Harris"), Plaintiff's Business Development Manager for the State of Arkansas, obtained and closed on a contract for Plaintiff with The Arkansas Department of Education ("ADE") for which Plaintiff agreed, upon information and belief, to provide ADE with delivery of "a comprehensive school improvement model to forty-six low performing schools in Arkansas"; "to provide professional development and training to the target schools"; and "to provide on-site technical assistance and coaching". The contract price was $6,095,000.

12. Plaintiff's contract with ADE was for a term of thirteen months, commencing on May 30, 2006.

13. Upon information and belief, Plaintiff has received payment to date for services in connection with its contract with ADE of a major portion of the contract amount of $6,095,000. As a result, and based upon Defendant's Employment Agreement with Plaintiff, Defendant was to receive a commission and bonus in the amount of $612,500 from this transaction.

14. Defendant was also entitled to be paid additional commissions for other sales generated in the Sales Territory on behalf of Plaintiff for the first and second calendar quarters of 2006, including sales in the State of Mississippi, Grand Bend, Kansas and Carrollton Farmers

Branch, Texas. Such commissions were in the aggregate amount of, upon information and belief, in excess of $300,000.

15. Additionally, Defendant is owed commissions for sales generated in the Sales Territory for the second half of calendar year 2006 in an amount that is not known at this time.

16. Plaintiff has failed to provide Defendant with either statements or payments of commissions for the period of her employment although the same has been duly demanded.

17. Plaintiff has paid nothing to Defendant on account of such earned commissions to which Defendant was entitled in connection with Plaintiff's contract with ADE and for other sales generated in the Sales Territory which met or exceeded the Annual Quota in the Sales Territory on behalf of Plaintiff in 2006.

18. Plaintiff owes unpaid wages to Defendant, upon information and belief, in excess of $900,000, consisting of the amount of commissions and bonus properly payable pursuant to the Employment Agreement, together with interest on the unpaid amount from the dates on which each portion of the commission and bonus were to have been paid pursuant to the Employment Agreement.

19. Defendant has received no portion of said monies due and owing, although same has been duly demanded when said monies became due.

20. Upon information and belief, Plaintiff's failure to pay the wages was willful.

21. As a result of Plaintiff's breach of contract, Defendant has been damaged in a sum, upon information and belief, in excess of $1,000,000, inclusive of interest.

## SECOND COUNTERCLAIM

22. Plaintiff's failure to pay Defendant all earned commissions and bonus is in violation of Florida State Law.

23. As a result of the Plaintiff's failure to pay Defendant the above commissions and bonus, Defendant is entitled to the costs of this action and reasonable attorney's fees pursuant to Section 448.08 of the Florida Statutes.

**WHEREFORE,** Defendant demands judgment as follows:

1. Denying Plaintiff the relief demanded in the Complaint;
2. Granting Defendant the relief demanded in the First Counterclaim in its entirety together with interest thereon;
3. Granting Defendant the relief demanded in the Second Counterclaim for costs of this action and reasonable attorney's fees; and
4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of the issues so triable.

Respectfully submitted,

/s/ Thomas C. Mugavero
Andrew J. Terrell (D.C. Bar No. 431362)
Thomas C. Mugavero (D.C. Bar No. 431512)
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036
(202) 659-6800
(202) 331-0573 (facsimile)

Of Counsel:

Robert Benowitz
RICK, STEINER, FELL & BENOWITZ LLP
Three New York Plaza
New York, New York 10004
Telephone No.: (212) 422-0488
Fax.: (212) 422-0158

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2007 a copy of the foregoing was served electronically to:

Ugo Colella
Katten Muchin Rosenman LLP
1025 Thomas Jefferson Street, N.W.
East Lobby, Suite 700
Washington, D.C. 20007

/s/ Thomas Mugavero
Thomas Mugavero