IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., ) | |
| ) | Case No. 07-CV-00428 |
| ) | Judge Emmet Sullivan |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SANDRA BUSH BIENVENU, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY TO
AMENDED COUNTERCLAIMS**

Plaintiff/Counter-Defendant AMERICA'S CHOICE, INC., by its attorneys Katten Muchin Rosenman LLP, hereby replies to the Amended Counterclaims [17] of the Defendant/Counter-Plaintiff, SANDRA BUSH BIENVENU, and states as follows:

1.  Plaintiff/Counter-Defendant admits the allegations in Paragraph 1 of the Amended Counterclaims.

2.  Plaintiff/Counter-Defendant admits the allegations in Paragraph 2 of the Amended Counterclaims.

3.  Plaintiff/Counter-Defendant admits the allegations in Paragraph 3 of the Amended Counterclaims.

4.  Plaintiff/Counter-Defendant admits the allegations in Paragraph 4 of the Amended Counterclaims.

5.  The allegations in Paragraph 5 purport to summarize Defendant/Counter-Plaintiff's counterclaims. To the extent that Paragraph 5 contains allegations of fact to which a

response is required, Plaintiff/Counter-Defendant denies the allegations in Paragraph 5 of the Amended Counterclaims.

6. Plaintiff/Counter-Defendant admits the allegations in Paragraph 6 of the Amended Counterclaims.

7. Plaintiff/Counter-Defendant admits the allegations in Paragraph 7 of the Amended Counterclaims except to deny that Defendant/Counter-Plaintiff was employed by Plaintiff/Counter-Defendant until January 20, 2007. Further answering, Plaintiff/Counter-Defendant states that Defendant/Counter-Plaintiff's employment ended on January 19, 2007.

8. Plaintiff/Counter-Defendant admits the allegations in Paragraph 8 of the Amended Counterclaims except to deny that the states of Florida and Mississippi were added to Defendant/Counter-Plaintiff's "Sales Territory" in June 2006. Further answering, Plaintiff/Counter-Defendant states that Florida and Mississippi were part of Defendant/Counter-Plaintiff's original "Sales Territory."

9. Plaintiff/Counter-Defendant admits the allegations in Paragraph 9 of the Amended Counterclaims except to deny that Nicholas Solinger was "primarily responsible for structuring" the Compensation Plan or the only individual to provide and explain the Compensation Plan on behalf of Plaintiff/Counter-Defendant to Defendant/Counter-Plaintiff.

10. Plaintiff/Counter-Defendant denies the allegations in Paragraph 10 of the Amended Counterclaims except to admit that Defendant/Counter-Plaintiff's sales quota for fiscal year 2006 was $2,500,000, and that she would receive a $20,000 bonus if that sales quota was met in her Sales Territory.

11. Plaintiff/Counter-Defendant denies the allegations in Paragraph 11 of the Amended Counterclaims except to admit that, in contemplation of entering into a final, complete,

and enforceable contract, it executed a preliminary "Professional/Consultant Services Contract" with the Arkansas Department of Education ("ADE") with a "projected total" contract cost of $6,095,000, and that this preliminary agreement included in its description of objectives: "comprehensive school improvement model to forty-six low performing public schools in Arkansas"; "[t]o provide professional development and training to the target schools"; and "[t]o provide on-site technical assistance and coaching".

12. Plaintiff/Counter-Defendant denies the allegations in Paragraph 12 of the Amended Counterclaims except to admit that it entered further negotiations with ADE between May and August, 2006, that it entered a contract with ADE in or about August 2006 that superseded its preliminary consultant agreement, and that the contract executed in August 2006 included an "Effective Starting Date" of May 30, 2006.

13. Plaintiff/Counter-Defendant admits that it has received payments under its contract with ADE. Plaintiff/Counter-Defendant otherwise denies the allegations in Paragraph 13 of the Amended Counterclaims.

14. Plaintiff/Counter-Defendant denies the allegations in Paragraph 14 of the Amended Counterclaims.

15. Plaintiff/Counter-Defendant denies the allegations in Paragraph 15 of the Amended Counterclaims.

16. Plaintiff/Counter-Defendant denies the allegations in Paragraph 16 of the Amended Counterclaims.

17. Plaintiff/Counter-Defendant denies the allegations in Paragraph 17 of the Amended Counterclaims.

18.  Plaintiff/Counter-Defendant denies the allegations in Paragraph 18 of the Amended Counterclaims.

19.  Plaintiff/Counter-Defendant denies the allegations in Paragraph 19 of the Amended Counterclaims.

20.  Plaintiff/Counter-Defendant denies the allegations in Paragraph 20 of the Amended Counterclaims.

21.  Plaintiff/Counter-Defendant denies the allegations in Paragraph 21 of the Amended Counterclaims.

22.  The allegations in Paragraph 22 state legal conclusions to which no response is required.  To the extent that Paragraph 22 contains allegations of fact to which a response is required, Plaintiff/Counter-Defendant denies the allegations in Paragraph 22 of the Amended Counterclaims.

23.  The allegations in Paragraph 23 state legal conclusions to which no response is required.  To the extent that Paragraph 23 contains allegations of fact to which a response is required, Plaintiff/Counter-Defendant denies the allegations in Paragraph 23 of the Amended Counterclaims.

Plaintiff/Counter-Defendant denies that Defendant/Counter-Plaintiff is entitled to any of the relief that she requests on page 7 of the Amended Counterclaims (items 1-4).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Defendant/Counter-Plaintiff's counterclaims against America's Choice, Inc. are legally deficient and fail to state proper causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Accord and Satisfaction and Payment)

Defendant/Counter-Plaintiff's counterclaims against America's Choice, Inc. are barred under the doctrines of accord and satisfaction and payment.

### THIRD AFFIRMATIVE DEFENSE
### (Release)

Defendant/Counter-Plaintiff's counterclaims against America's Choice, Inc. are barred under the doctrine of release.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Defendant/Counter-Plaintiff, by her words and actions, knowingly, voluntarily and willingly waived any rights she might otherwise have against America's Choice, Inc.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Defendant/Counter-Plaintiff's counterclaims against America's Choice, Inc. are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Defendant/Counter-Plaintiff's counterclaims against America's Choice, Inc. are barred because she is estopped from bringing these counterclaims.

WHEREFORE, Plaintiff/Counter-Defendant America's Choice demands judgment against Defendant/Counter-Plaintiff Sandra Bienvenu denying the relief demanded in her Amended Counterclaims.

Dated: Washington, D.C.
July 27, 2007

KATTEN MUCHIN ROSENMAN LLP

By:    /s/ John Rosans
     Ugo Colella (D.C. Bar No. 473348)
     1025 Thomas Jefferson Street, NW
     East Lobby, Suite 700
     Washington, D.C. 20007
     Phone: (202) 625-3755
     Fax: (202) 295-1174

     John Rosans (D.C. Bar No. 474180)
     1025 Thomas Jefferson Street, NW
     East Lobby, Suite 700
     Washington, D.C. 20007
     Phone: (202) 625-3639
     Fax: (202) 339-8267

Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Phone: (212) 940-8800

*Counsel for Plaintiff/Counter-Defendant
America's Choice, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on July 27, 2007, a copy of the foregoing Reply to Amended Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

     /s/ John Rosans

     John A. Rosans