IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC.,     ) <br>     ) <br>     ) <br> Plaintiff/Counter-Defendant,     ) <br>     ) <br> v.     ) <br>     ) <br> SANDRA BUSH BIENVENU,     ) <br>     ) <br> Defendant/Counter-Plaintiff.     ) <br>     ) | **Case No. 07-CV-00428** <br> **Judge Emmet Sullivan** |

## STIPULATION

COME NOW the parties, by and through their respective attorneys of record, and hereby STIPULATE:

1. To the entry of the Protective Order annexed hereto, which shall govern the disclosure during pretrial discovery of Confidential Material as defined therein; and

2. That the effect of the Protective Order and the disclosure of Confidential Material is contingent upon the entry of a parallel protective order in the matter of <u>Cecil Harris v. America's Choice, Inc.</u>, in the United States District Court for the Middle District of Louisiana, Civil Action No.: 3:07-cv-195-JVP-SCR.

IT IS SO STIPULATED:

| | |
|---|---|
| DATED: August 27, 2007 | DATED: August 27, 2007 |
| /s/ John A. Rosans | /s/ Thomas C. Mugavero |
| Ugo Collela (D.C. Bar No. 473348) <br> KATTEN MUCHIN ROSENMAN LLP <br> 1025 Thomas Jefferson Street, N.W. <br> East Lobby, Suite 700 | Thomas C. Mugavero <br> WHITEFORD, TAYLOR & PRESTON, LLP <br> 1025 Connecticut Avenue, N.W., <br> Suite 400 |

1

Washington, D.C. 20007                               Washington, D.C. 20036

John Rosans (D.C. Bar No. 474180)                    *Counsel for Sandra Bush Bienvenu*
KATTEN MUCHIN ROSENMAN LLP
1025 Thomas Jefferson Street, N.W.
East Lobby, Suite 700
Washington, D.C. 20007

*Counsel for America's Choice, Inc.*

Martin E. Karlinsky (D.C. Bar No. 447859)            Robert J. Benowitz
KATTEN MUCHIN ROSENMAN LLP                           Rick Steiner Fell & Benowitz LLP
575 Madison Avenue                                   3 New York Plaza, 10th Floor
New York, NY 10022-2585                              New York, NY  10004

*Of Counsel for America's Choice, Inc.*              *Of Counsel for Sandra Bush Bienvenu*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 27, 2007, a copy of the foregoing Stipulation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/_____

John A. Rosans

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC.,           ) | |
| ) | Case No. 07-CV-00428 |
| ) | Judge Emmet Sullivan |
| Plaintiff/Counter-Defendant,    ) | |
| ) | |
| v.                              ) | |
| ) | |
| SANDRA BUSH BIENVENU,           ) | |
| ) | |
| Defendant/Counter-Plaintiff.    ) | |
| ) | |

**<u>PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties in this action have stipulated, through their respective counsel, to the entry of a protective order governing the disclosure during pretrial discovery of "Confidential Material" as defined herein. In accordance with such stipulation and for good cause shown, it is, this _____ day of _____, 2007, hereby

**ORDERED** as follows:

1. "Confidential Material" shall be understood to include documents, information, or other material ("documents"), or any portions thereof, containing a trade secret or other confidential research, development, or commercial information, including, but not limited to, any of the following:

    a. business information, including but not limited to financial information and/or tax records; information listing or regarding customers and/or potential customers, prospect lists, employees, policies, business plans, software, pricing information, marketing information, sales records, sales history, trade secrets, and sales strategies;

    b. proprietary or commercially sensitive and/or otherwise confidential, private, or personal material, including but not limited to business agreements and contracts, and documents regarding customers, potential customers, vendors, and/or employees; and/or

    c. personal financial information, such as earning statements, paycheck records, income tax returns, W-2 forms, and bank records.

  2. If a party is called upon to produce or to disclose documents or information in this litigation that it in good faith believes contain or constitute Confidential Material, such party shall designate such documents and information as "CONFIDENTIAL."  Each document designated as "CONFIDENTIAL" shall be clearly marked as such by the party producing the document.  Each page of a document designated "CONFIDENTIAL" shall be so marked.  A party may designate information disclosed in a deposition as "CONFIDENTIAL" by indicating on the record at such deposition, or subsequently in writing, that the information is confidential.  Such designated documents and information shall be protected as Confidential Material under the terms of this Order unless and until a determination is made pursuant to paragraph 5 that the designation of confidentiality is improper.

  3. No Confidential Material, nor any copy thereof, nor any information obtained therefrom shall be disclosed, revealed, or made available for inspection or copying to any third parties, except as provided herein or as required to be disclosed by law or upon Order of Court.  Nothing in this Order shall preclude counsel from disclosing any information to potential experts, consultants or professionals retained by counsel in connection with this case, or to employees and associates of counsel for Plaintiff/Counter-Defendant or Defendant/Counter-Plaintiff, provided that such experts, professionals, employees, and associates indicate their

understanding of this Order and their willingness to be bound by its terms through execution of the Undertaking attached hereto as Exhibit A. Executed Undertakings shall be maintained by the Counsel that has retained and/or works with the expert, consultant, professional, employee or associate and shall be produced to the opposing party upon request. Subject to Paragraph 4 below, all Confidential Material shall be used solely for the litigation of this action.

4. Any Confidential Material produced pursuant to this Protective Order may be utilized by counsel for either party in the matter of Cecil Harris v. America's Choice, Inc., in the United States District Court for the Middle District of Louisiana, Civil Action No.: 3:07-cv-195-JVP-SCR, as if produced in discovery in that case. Such use, however, shall be subject to the same protections, limitations and requirements imposed by this Order.

5. Confidential Material may be used by any party at depositions, but only if the portion of the deposition transcript that discusses such Confidential Material is itself treated as confidential.

6. If a party who has received discovery designated as Confidential Material claims that any such document or information should not be treated as confidential nor be subject to the terms of this Order, such party shall give written notice to the party producing such document or information of the objection and shall communicate directly with opposing counsel, and the parties shall attempt in good faith to resolve any disputes over the designation. Should the parties be unable to agree upon any designation of confidentiality, the matter may be submitted to the Court by motion of the party asserting that the certification of confidentiality was improper and that the documents or information in question are not entitled to protection under this Order. The documents and information in question shall be deemed to be covered as Confidential Material under this Order and disclosure shall be prohibited to the extent provided herein unless

and until the Court rules otherwise. The burden of demonstrating, upon a challenge by the opposing party, that documents and information have been properly designated as Confidential Material rests with the party that designated the documents and information as Confidential Material.

7. Inadvertent production of Confidential Material without designation as CONFIDENTIAL shall not be deemed a waiver of, or estoppel as to, any claim of confidentiality under this Order provided that the party that inadvertently produced the document or information notifies the other party in writing within five (5) business days after becoming aware of such inadvertent production. Upon written notification, the other party shall treat the inadvertently produced information as Confidential Material under this Order.

8. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

9. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

10. Upon final termination of this action (including any appeals), and to the extent such documents are not necessary for further litigation in the matter of <u>Cecil Harris v. America's Choice, Inc.</u>, in the United States District Court for the Middle District of Louisiana, Civil Action No.: 3:07-cv-195-JVP-SCR, counsel for all parties shall return to the producing parties all Confidential Material produced during the course of this action that is subject to the terms of this Order, including all copies thereof. This Order shall continue to be binding after the termination of this action. Except as provided above, information acquired from Confidential Material shall not be disclosed to any persons or entities for any reason after the final termination of this action.

                                                  _____
                                                  The Honorable Emmet Sullivan

Copies to:

| | |
|---|---|
| Ugo Collela<br>John A. Rosans<br>KATTEN MUCHIN ROSENMAN LLP<br>1025 Thomas Jefferson Street, N.W.<br>East Lobby, Suite 700<br>Washington, D.C. 20007<br><br>*Counsel for America's Choice, Inc.* | Thomas C. Mugavero<br>WHITEFORD, TAYLOR & PRESTON, LLP<br>1025 Connecticut Avenue, N.W.,<br>Suite 400<br>Washington, D.C. 20036<br><br>*Counsel for Sandra Bush Bienvenu* |
| Martin E. Karlinsky<br>KATTEN MUCHIN ROSENMAN LLP<br>575 Madison Avenue<br>New York, NY 10022-2585<br><br>*Of Counsel for America's Choice, Inc.* | Robert J. Benowitz<br>Rick Steiner Fell & Benowitz LLP<br>3 New York Plaza, 10th Floor<br>New York, NY  10004<br><br>*Of Counsel for Sandra Bush Bienvenu* |

**EXHIBIT A**

**IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICA'S CHOICE, INC., | ) | |
| | ) | Case No. 07-CV-00428 |
| | ) | Judge Emmet Sullivan |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUSH BIENVENU, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**THIRD-PARTY UNDERTAKING**

1.   I, _____, having been retained by _____ in connection with the above-captioned lawsuit (or I, _____, in-house counsel for _____), hereby acknowledge that I am about to receive Confidential Material as defined in the Protective Order entered on _____, 2007, in the above-captioned lawsuit (the "Protective Order").

2.   I acknowledge that I have been given access to certain Confidential Material or testimony produced by a party in this litigation, and that I have received a copy of the Protective Order and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order.

3.   I further understand that the Protective Order prohibits me from disclosing or discussing the contents of any Confidential Material to or with any person who has not signed a statement identical to this statement unless that person is a member of my staff entitled to access to the Confidential Material or testimony (in which case I will inform that person of the contents of the Protective Order and will take all steps necessary to preserve the confidentiality of the

6

Confidential Material or testimony) or is a party, counsel in this matter, or such disclosure is made in the scope of testifying in the Litigation.

4.　I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained.

5.　I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.


Dated:_____　　　　　_____