IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICA'S CHOICE, INC., | ) | |
| | ) | Case No. 07-CV-00428 |
| | ) | Judge Emmet Sullivan |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUSH BIENVENU, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**CONSENT MOTION TO EXTEND TIME**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff/Counter-Defendant AMERICA'S CHOICE, INC., and moves this Court on consent for an order enlarging the period of time in which to complete deposition discovery for thirty (30) days, and coordinately extending all other case management dates, for the reasons that follow.

AMERICA'S CHOICE, INC. ("ACI") filed this action on March 5, 2007, and issue was first joined on April 27, 2007. Thereafter, regular case management proceedings were held. The parties filed their case management statement on May 31, 2007, and the Court entered the first scheduling order on June 1, 2007. That scheduling order provided that discovery was to be completed by October 30, 2007. Defendant/Counter-Plaintiff SANDRA BUSH BIENVENU ("Bienvenu") filed an amended answer and counterclaim on July 27, 2007, and ACI filed its reply to counterclaim that same day. The parties completed their initial disclosures in due

course, served written discovery in the form of document requests and interrogatories, and both sides responded to the written discovery. Documents were produced by both sides.

In early October 2007, the parties filed, and the Court granted, a consent motion to extend the discovery deadline to January 31, 2008. Depositions had been scheduled to commence shortly thereafter. Just before October 18, 2007, ACI lost its access to its chief executive officer, Judy Codding, as the result of a tragedy that befell her family. It informally contacted the Court to address this matter, and upon its informal motion for a protective order and with the consent of Bienvenu's counsel, the Court stayed all deposition discovery for a period of ninety (90) days or until January 14, 2008. (This was accomplished by a minute order in Chambers; the stay is not reflected on the Court's docket.) The discovery period was later enlarged to May 30, 2008, by minute order dated March 31, 2008.

On February 11, 2008, the parties in fact commenced deposition discovery and the parties have been working diligently to complete discovery in accordance with the minute order. Since that time, the depositions of eight (8) separate deponents have been conducted in four separate locations: New York City, New York; Los Angeles, California; Menlo Park, California; and Atlanta, Georgia. These depositions have been taken not only in this case, but have also been conducted in a related case pending in the United States District Court for the Middle District of Louisiana. (*Cecil Harris v. America's Choice, Inc.*, Docket No. 3:07-cv-195) (The parties are in the process of preparing a stipulation for the use of depositions in the other, related case so as to obviate the need to take certain depositions again.) This effort to conserve resources has at times required the coordination of multiple sets of counsel in multiple locations, and has been difficult to accomplish because of congested calendars of both deponents and counsel. Moreover,

because of the necessity to conduct these depositions in different geographic locations, they have taken longer to arrange and to complete than is typical.

Other unanticipated circumstances contributed to the unforeseeable delay of discovery. The substitution of new counsel on behalf of Bienvenu caused brief scheduling interruptions. In addition, on two separate occasions, scheduled depositions were postponed due to unforeseen illnesses. The deposition of Thomas Harris, originally scheduled to be taken in March, had to be rescheduled due to the illness of Martin Karlinsky, counsel to ACI. That deposition was completed just ten days ago. The deposition of Cecil Harris, to have been taken in February, was cancelled due to the deponent's illness and is presently scheduled as set forth below. In addition, Ms. Bienvenu's infant grandson underwent a kidney transplant, which made it difficult to schedule and proceed with her deposition for some time.

The depositions of nine (9) additional deponents remain to be taken. Of those, three (3) (Dougal, Wozniak, Codding) are limited depositions of witnesses whose depositions have been taken in the other matter, and are intended to be relatively brief, covering topics not already covered. (In one case, there is a specific, two-hour, time limit on the deposition by agreement.) In addition, the deposition of the Defendant/Counter-Plaintiff Bienvenu must be taken, and the deposition of Cecil Harris, plaintiff in the related action, must be taken. Finally, the depositions of four (4) representatives of the Arkansas Department of Education, all non-party witnesses, must be taken. The schedule arrived at by counsel is as follows:

3

| Deponent | Place | Date |
|---|---|---|
| Jason Dougal | Washington, D.C. | June 12, 2008 |
| John Wozniak | Washington, D.C. | June 13, 2008 |
| Judy Codding | Washington, D.C. or New York City or Los Angeles | To Be Determined |
| Sandra Bienvenu | New York City | June 25, 2008 |
| Cecil Harris | New Orleans, Louisiana | June 19, 2008 |
| Estelle Mathis | Little Rock, Arkansas | May 28, 2008 |
| Dr. Diana Julian | Little Rock, Arkansas | May 28, 2008 |
| Jeannine Riggs | Little Rock, Arkansas | May 29, 2008 |
| Dr. Bobbie Davis | Little Rock, Arkansas | May 29, 2008 |

During the entirety of this case to date, there appear to have been three requests to enlarge the discovery period, all on consent. This is therefore the fourth such request. However, it is a limited request of thirty days, and as noted above is accompanied by a firm schedule of the remaining depositions. The parties do not currently anticipate difficulties in accomplishing these and in completing discovery in an orderly fashion. All other case management deadlines should also be modified in a coordinated manner.

Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.4(a) both provide that the discovery deadlines of a scheduling order may be modified at any time "upon a showing of good cause." *Myrdal v. District of Columbia*, Civil Action No. 05-02351 (RCL), 2007 WL 1655875, at *2 (D.D.C. June 7, 2007) (Lamberth, J.), citing Fed.R.Civ.P. 16(b); LCvR 16.4(a). The primary consideration of the "good cause" standard is the diligence of the party or parties seeking the amendment. *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, Civil Action No. 05-2115 (CKK), 2007 WL 1589495, at *6 (D.D.C. June 1, 2007) (Kollar-Kotelly, J.)(quotations and citations omitted). A scheduling order may be modified if, as here, "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. As set forth herein, the present discovery deadline cannot reasonably be met despite the diligent efforts of the parties due to the challenges of the coordination of multiple sets of counsel in multiple locations, the congested calendars of deponents and counsel, and the unforeseeable delays resulting from the substitution of counsel and unexpected illnesses. The parties further commit to work diligently to ensure that discovery will be completed within the brief 30-day extended period requested herein.

Pursuant to Fed. R. Civ. P. 26(c), and otherwise, undersigned counsel hereby certify that counsel for Defendant/Counter-Plaintiff Bienvenu has consented to the relief sought by this motion and joins in the motion.

For the foregoing reasons, ACI (and Bienvenu) respectfully request that the motion be in all respects granted.

Dated: May 22, 2008

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP


By:  /s/ John Rosans
    Ugo Colella (D.C. Bar No. 473348)
    1025 Thomas Jefferson Street, NW
    East Lobby, Suite 700
    Washington, D.C. 20007
    Phone: (202) 625-3755
    Fax: (202) 295-1174

    John Rosans (D.C. Bar No. 474180)
    1025 Thomas Jefferson Street, NW
    East Lobby, Suite 700
    Washington, D.C. 20007
    Phone: (202) 625-3639
    Fax: (202) 339-8267


Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Phone: (212) 940-8800

*Counsel for Plaintiff/Counter-Defendant
America's Choice, Inc.*

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., ) | |
| ) | Case No. 07-CV-00428 |
| ) | Judge Emmet Sullivan |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SANDRA BUSH BIENVENU, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

## ORDER

Considering the foregoing Motion to Extend Time,

**IT IS HEREBY ORDERED** that all depositions herein shall be taken so as to be completed on or before June 30, 2008.

Washington, DC, this ___ day of May, 2008.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 22, 2008, a copy of the foregoing CONSENT MOTION TO EXTEND TIME was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                     /s/

                                                                    John A. Rosans