IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., )<br>)<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>SANDRA BUSH BIENVENU, )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | Case No. 07-CV-00428<br>Judge Emmet Sullivan |

PLAINTIFF/COUNTER-DEFENDANT'S REPLY BRIEF
IN SUPPORT OF MOTION TO ENLARGE DISCOVERY
PERIOD AND TO COMPEL CONTINUED DEPOSITION

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff/Counter-Defendant AMERICA'S CHOICE, INC. ("ACI"), and files this reply brief in further support of its motion to enlarge the discovery period and to compel the continued deposition of Defendant/Counter-Plaintiff SANDRA BUSH BIENVENU.

Cutting through the prolixity of the opposition papers, it is clear that there is a convenient, simple, and mutually agreeable solution to this dispute, one that was proposed previously by ACI's counsel, but rejected by Ms. Bienvenu's: that the remainder of Ms. Bienvenu's deposition be conducted in or around her hometown of Destin, Florida, or at some other location convenient for her. *Compare* ACI Motion, Ex. B (July 7, 2008 E-mail to Robert Benowitz, Esq.) ("I'm just writing to confirm the telephone discussion with you . . . whereby you agreed you would contact Ms. Bienvenu so we may schedule the balance (< 2 hours) of her

1

deposition at a location and time most convenient for her") *with* Bienvenu Opp. at 3, citing Ex. 4 (July 7, 2008 Letter) ("inviting [ACI] to propose an accommodation to Ms. Bienvenu"). Yet Bienvenu's refusal to consent to this motion contradicts counsel's repeated and continuing representation that the deposition would be arranged with a "reasonable accommodation." Good faith discussion of this issue should have yielded – indeed ACI believed it had yielded – a solution. That solution should and must now be imposed by the Court.

Notwithstanding these salient facts, ACI must in reply address Bienvenu's contentions (i) that ACI is seeking to conduct a deposition in excess of the seven-hour limitation of Rule 30(d)(1), (ii) that the burden to Bienvenu of this continued deposition outweighs ACI's demonstrated good cause, and (iii) that ACI should bear all expense attendant to the continued deposition, including attorneys' fees and travel expenses.

**I.     ACI Did Not Depose Bienvenu For 6 Hours and 47 Minutes, As She Claims.**

Preliminarily, it should be noted that Bienvenu contradictorily argues, on the one hand, that ACI nearly exhausted the seven-hour period prescribed by rule but, on the other, claims that ACI's counsel took a "calculated risk" to cut *short* her deposition that day when she in fact was willing to continue, apparently for "as long as it was necessary." *See* Bienvenu Opp. at 2, 6-7. Whether Bienvenu's present contention – that she was willing to stay to all hours to finish her deposition – is accurate, ACI requests nothing more than the full seven hours allotted by Rule 30(d)(1) to complete her deposition. Neither then nor now does it want or expect Bienvenu to endure questioning outside those time parameters. (And so far as continuing the deposition until completion on June 25, the deposition had lasted, at the time of its adjournment, eight (8) hours. Continuation of the deposition into the evening would have been patently unreasonable.)

Bienvenu argues that ACI deposed Bienvenu for a full day, thirteen (13) minutes shy of the seven-hour limitation. *See id.* at 6. In arriving at this calculation, Bienvenu subtracts only a 59-minute lunch break taken between the start of the deposition (9:44 a.m.) and its conclusion (5:30 p.m.). *Id.* As one would expect, however, other breaks were taken during the course of the day. Some of these breaks were at the direction of ACI's counsel (who of course controlled the examination), some were at the request of Bienvenu's counsel, and some were at the request of the videographer, made necessary to change equipment and confirm settings. Bienvenu does not, as she must, take into account these other breaks during the course of the deposition, which totaled 72 minutes off the record. *See* ACI Motion at 6, n.1 (citing Fed. R. Civ. P. 30(d) note (2000) (the seven-hour time limit "contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that **the only time to be counted is the time occupied by the actual deposition**")) (emphasis added). Thus, ACI's deposition of Bienvenu was not, as Bienvenu claims, 6 hours and 47 minutes, but only 5 hours and 35 minutes.[1]

## II. ACI Has Good Cause To Continue Bienvenu's Deposition, Outweighing Any Burden To Her.

As noted above, ACI does not seek an *enlargement* of the rule-provided seven hours; it merely seeks what the rule grants to it as of right. Therefore, Bienvenu's contention that ACI must show "good cause" to complete her deposition is misplaced. However, assuming, *arguendo*, that ACI must demonstrate such good cause, it has done so.

---

[1] ACI previously reported to the Court that the time consumed during examination was 5 hours and 19 minutes. This was based on the advice received from the videographer at the close of the deposition. (The videographer is required to keep a log of on-the-record examination.) However, in examining the transcript it would appear that the time consumed was in fact 5 hours and 35 minutes. It is not clear to us whether the videographer was in error, and we have requested an explanation from the court reporting agency. In any event, however calculated, actual examination was far less than 7 hours.

As stated in ACI's motion, ACI's counsel was frustrated in his questioning of Bienvenu for multiple reasons. Bienvenu's counsel repeatedly interjected impermissible speaking objections during questioning. *See, e.g.,* Ex. A to ACI Motion (Bienvenu Dep. at 76:13-77:18, 85:5-23). Twice, counsel for Bienvenu instructed her not to answer a question on impermissible grounds such as an "asked and answered" objection. *See id.*; Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)"). The witness herself frustrated counsel's questioning by repeatedly laboring over commonplace terms, for example, failing to acknowledge that she understood what a "term or condition" of her employment could mean. *See, e.g.,* Ex. A to ACI Motion (Bienvenu Dep. at 72:10-12, 89:17-90:5).

Moreover, Bienvenu is not only defendant in this case, but has herself asserted counterclaims in this action based on "terms and conditions" of her employment that she at times apparently struggled to comprehend at even the most basic level. As Bienvenu is a counter-plaintiff in this action with significant damages claims based on her employment terms, it is hardly unreasonable for ACI to seek discovery from her to ensure that it has "the fullest possible knowledge of the issues and facts before trial." *Moore v. Hartman*, 241 F.R.D. 59, 63 (D.D.C. 2007) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

This is all the more appropriate where there would be minimal burden to Bienvenu. As a preliminary matter, Bienvenu overstates the burden of her initial deposition in New York. While it may be, as she states, the most expensive city in the country, it is home to her own counsel. She chose to seek and engage counsel there. Nor did expense prevent her from staying in New

York an extra day to attend the deposition of another witness, a practice Bienvenu had already adopted by attending not only two days of depositions of four third-party witnesses in Little Rock, Arkansas, at the end of May, but also the deposition of her former co-worker (and plaintiff in a related case pending in the United States District Court for the Middle District of Louisiana) Cecil Harris, conducted in New Orleans in June.  Her position here is belied by her own conduct. Most important, whatever the burden, if any, an out-of-town deposition would now place on Bienvenu and her personal and work schedules, it can be avoided altogether because, as previously stated, ACI is and always has been willing to convene the continued deposition in Bienvenu's hometown or another mutually convenient location of her choosing.

> **III.    ACI Should Not Bear The Costs And Expenses Of The Continuation Of Bienvenu's Deposition.**

If the Court were to grant ACI's Motion, it should not, as Bienvenu suggests, order ACI to bear her expenses attendant to completing her deposition because ACI does not seek an extension of the permissible seven-hour time limit to complete the deposition, nor is ACI or its counsel responsible for the pace and inherent frustrations of her June 25th deposition.  As stated in Section II, *supra*, if anyone frustrated and prolonged Bienvenu's deposition, it was Bienvenu and her counsel, with her inability to answer a simple question and her resistance to the examination and his numerous speaking objections which at times included inappropriate instructions for Bienvenu not to answer.

"Directions to a deponent not to answer a question can be even more disruptive than objections."  Fed. R. Civ. P. 30(d) advisory committee's note (1993).  Rule 30(d) "authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer. . . ."  *Id.*; *see also*

5

advisory committee's note (2000) ("Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition").

That the parties had to involve the Court in this matter is unfortunate.  Yet counsel's tactics here left no alternative.  On the one hand, counsel for Bienvenu neither disavows nor contradicts his advice (sent by email) that he accepted ACI's position as to the continuation of the deposition and was working toward an accord on the matter.  On the other hand, counsel *the very same day* sends separate correspondence (via first class mail alone, to be received by ACI's counsel only one day before discovery closes), resurrecting Bienvenu's prior objection to the continuation of the deposition.  Counsel claims to this day that he is open to proposed accommodations for the continued deposition, yet the previously proposed accommodations are ignored, and a draft consent motion to extend the discovery deadline to accommodate a limited deposition of less than two hours goes unheeded.  In sum, counsel's actions are inconsistent with his words.  This matter could have been resolved, with minimal burden to Bienvenu and no burden to the Court, but it was not.  The "white hat" that Bienvenu and her counsel now claim to wear for the Court's benefit does not fit.[2]

---

[2] ACI did not move for sanctions in its Motion, but leaves to the Court's sound discretion whether sanctions are warranted under the circumstances and as permitted by Rule 30(d)(2).

**IV.    Conclusion**

For the foregoing reasons, ACI respectfully requests that its motion to enlarge the discovery period and to compel the continued deposition of Defendant/Counter-Plaintiff be in all respects granted.

Dated: July 23, 2008

                Respectfully submitted,

                KATTEN MUCHIN ROSENMAN LLP

                By:    /s/ John Rosans
                        Ugo Colella (D.C. Bar No. 473348)
                        2900 K Street NW
                        Suite 200
                        Washington, DC 20007-5118
                        Phone: (202) 625-3755
                        Fax: (202) 295-1174

                        John Rosans (D.C. Bar No. 474180)
                        2900 K Street NW
                        Suite 200
                        Washington, DC 20007-5118
                        Phone: (202) 625-3639
                        Fax: (202) 339-8267

Of Counsel:

Martin E. Karlinsky, Esq.
(D.C. Bar No. 447859)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Phone: (212) 940-8800

*Counsel for Plaintiff/Counter-Defendant*
*America's Choice, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 23, 2008, a copy of the foregoing PLAINTIFF/COUNTER-DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO ENLARGE DISCOVERY PERIOD AND TO COMPEL CONTINUED DEPOSITION was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/
                                     John A. Rosans