IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA'S CHOICE, INC., ) <br> ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> SANDRA BUSH BIENVENU, ) <br> ) <br> Defendant/Counter-Plaintiff. ) <br> ) | Case No. 07-CV-00428 <br> Judge Emmet Sullivan |

**PLAINTIFF/COUNTER-DEFENDANT'S
RESPONSE TO ORDER TO SHOW CAUSE**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff/Counter-Defendant AMERICA'S CHOICE, INC. ("ACI"), and files this response to the Court's July 24, 2008 Order to Show Cause directing ACI to show cause why this case should not be transferred to the United States District Court for the Middle District of Louisiana ("MDLA").

**I.   Preliminary Statement**

At the outset, ACI notes that it would not object to a transfer of this case to the MDLA, where a related case captioned *Cecil Harris v. America's Choice, Inc.*, Docket No. 3:07-cv-195, is currently pending before the Honorable John V. Parker (the "MDLA Action").

In the MDLA Action, a former ACI employee, Cecil Harris, has alleged that he is entitled to certain commission payments from ACI, in large part related to a contract for services ACI entered with the Arkansas Department of Education ("ADE"). Defendant/Counter-Plaintiff Sandra Bush Bienvenu ("Bienvenu") has asserted counterclaims against ACI in the case at bar

that, similarly, are in large part related to ACI's contract with ADE.  In that respect, there is significant overlap in the facts material to both cases.  Additionally, Mr. Harris and Ms. Bienvenu share counsel based in New York; the parties in this case have been operating under an agreement whereby the depositions taken in the other case (which commenced earlier) may be considered record evidence in this one; it is anticipated that, should these cases proceed to trial, there will be substantial overlap in the witnesses called to testify; and, finally, as represented by counsel for ACI at the Status Conference before this Court on July 24, 2008, it is almost certain that the case at bar could not settle without a settlement also being reached in the MDLA Action.

In large part due to the aforementioned factors, ACI would not object to a transfer to the MDLA, and based on representations made by counsel for Bienvenu at the July 24, 2008 Status Conference, neither does Bienvenu.  ACI, however, submits this response to the order to show cause because it believes that it is unclear that transfer is permissible under the only relevant statute, 28 U.S.C. § 1404.  In short, since it appears that the MDLA court could not have exercised personal jurisdiction over Bienvenu had ACI initially filed suit there, the MDLA would not appear to be a district in which, consistent with the terms of the transfer statute, the case could have been commenced.[1]

**II.     Standard of Law**

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The statute was enacted in 1948, and the language of

---

[1] Counsel is not aware of authority outside that conferred by Congress in 28 U.S.C. § 1404(a) that would permit the Court to transfer.  Certainly, there are no other relevant provisions of Title 28, and the Court would not seem to possess inherent power to effectuate this end, no matter how salutary.

subsection (a) has remained unchanged. Before 1960, some courts recognized that § 1404(a) permitted transfer of a case to a district to which, as here, the parties consented. See, e.g., Continental Grain Co. v. Federal Barge Lines, Inc., 268 F.2d 240 (5th Cir. 1959); Andino v. The SS Claiborne, 148 F. Supp. 701 (S.D.N.Y. 1957). However, with the United States Supreme Court's decision in Hoffman v. Blaski, 363 U.S. 335, 80 S. Ct. 1084 (1960), a § 1404(a) transfer could no longer depend "upon the wish or waiver of the defendant," and the phrase "where it might have been brought," could not be interpreted to mean "where it may now be rebrought, with defendants' consent." 363 U.S. at 342-43, 80 S. Ct. at 1088-89; see also Piekarski v. Home Owners Savings Bank, 743 F. Supp. 38, 42 (D.D.C. 1990) (recognizing same); In re Scott, 709 F. 2d 717, 720 (D.C. Cir. 1983) (noting that the provision "where it might have been brought" in § 1404(a) "expressly requires that the transferee court be a place of proper venue").

While "[c]ourts interpreting Hoffman have been particularly cognizant of the danger the Supreme Court was seeking to avert – enabling a defendant vastly to increase the options for venue of a suit by merely consenting to a change of venue to a district in which it could not have been served at the time the plaintiff filed the suit" – Hoffman has not been read so broadly as to require "following a maxim or a definition with relentless disregard of consequences to a dryly logical extreme." Piekarski, 743 F. Supp. at 42-43 (internal punctuation and citations omitted). As the Piekarski court noted, the Hoffman concern is not always present, for example, where there have been relevant statutory changes since a suit was initially filed or the dismissal or substitution of parties. Id. at 43. However, neither of those situations are present here.

Some courts, including the MDLA, have recognized that there is a significant distinction to be drawn between the facts in Hoffman and those in an action where "the suggestion for transferring comes, not from either party to [a] litigation, but from the Court. . . ." Cooper v.

3

Dep't of the Air Force, 528 F. Supp. 472, 474 (M.D. La. 1981) (C.J. Parker). In the Cooper case, then-Chief Judge Parker noted that, in such situations, "the Court's predicate [under § 1404(a)] is not necessarily for the convenience of the parties, but in the interest of justice." Id. (citing Wright, Miller & Cooper, Fed. Prac. & Proc. Jurisdiction § 3854).

In Cooper, counsel for a plaintiff in a wrongful death suit against the federal government pending in the Eastern District of Arkansas filed a separate FOIA action in the MDLA, attempting to gain access to allegedly privileged accident investigation reports that were already at the center of a discovery dispute in the Arkansas action. In ordering the FOIA action transferred to the Eastern District of Arkansas, then-Chief Judge Parker recognized that:

> the precise issue before this Court . . . is pending before the district court in Arkansas. The same evidence relating to waiver of privilege will be presented to that court and to this court. The possibility of conflicting judicial decisions relating to the same report and the same parties is obvious. The administration of justice is not advanced by the creation of a situation where such conflicting decisions could be rendered. Hoffman v. Blaski does not contemplate the creation of a situation such as this.

Id. at 474-75.[2]

Because there are similar considerations with the case at bar, a transfer to the MDLA would be both "in the interest of justice" and for the convenience of the parties. If so ordered by the Court *sua sponte*, rather than on motion by either party, the restrictions imposed by the Hoffman opinion arguably are no longer relevant, and arguably the Court would have the power to transfer the case.

---

[2] ACI notes, however, that the Cooper case properly recognized the second-filed FOIA action in the MDLA as "a fiction" to be "cut down." 528 F. Supp. at 474-75. The situation there is not apposite to the situation here.

### III.  Conclusion

For the foregoing reasons, ACI consents to a transfer and leaves to the Court's discretion whether the case at bar shall be transferred to the MDLA.

Dated: July 31, 2008

        Respectfully submitted,

        KATTEN MUCHIN ROSENMAN LLP

        By:   /s/ John Rosans
             Ugo Colella (D.C. Bar No. 473348)
             2900 K Street NW
             Suite 200
             Washington, DC 20007-5118
             Phone: (202) 625-3755
             Fax: (202) 295-1174

             John Rosans (D.C. Bar No. 474180)
             2900 K Street NW
             Suite 200
             Washington, DC 20007-5118
             Phone: (202) 625-3639
             Fax: (202) 339-8267

        Of Counsel:

        Martin E. Karlinsky, Esq.
        (D.C. Bar No. 447859)
        KATTEN MUCHIN ROSENMAN LLP
        575 Madison Avenue
        New York, NY 10022-2585
        Phone: (212) 940-8800

        *Counsel for Plaintiff/Counter-Defendant*
        *America's Choice, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 31, 2008, a copy of the foregoing PLAINTIFF/COUNTER-DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s/
                John A. Rosans